UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-82 |
| V. ) | (VARLAN/SHIRLEY) |
| ) | |
| COURTNEY NICHOLE SUTTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and order of the District Court [Doc. 28]. The parties came before the Court on December 15, 2008, for a scheduled revocation hearing. Attorney Jonathan Moffatt was present representing the Defendant, who was also present. Assistant United States Attorney Ken Jennings was present representing the Government.

A Petition for Actions on Conditions of Pretrial Release [Doc. 25] has been filed in this case. The petition alleges that the Defendant failed to report to Midway Sanction Center on July 15, 2008, for drug testing, and that on September 3, 2008, the Defendant submitted to a drug screen at the United States Probation Office, which was positive for marijuana. Further, the petition states that the Defendant failed to report for an appointment with the Probation Office on October 22, 2008, despite her receipt of a certified mailing notice on October 17, 2008. It is alleged that the Defendant was notified of another appointment set for November 3, 2008, by regular mail sent on October 29, 2008, but also missed this appointment. Finally, the petition notes that the Defendant is currently

in the Sevier County Jail for a probation violation on state charges.

The conditions of the Defendant's pretrial release required, among other things, that she: report to the United States probation office as directed (Cond. 7(a)); refrain from unlawful possession of narcotic drugs and controlled substances without a prescription (Cond. 7(b)); and submit to testing as ordered by pretrial services (Cond. 7(q)). [Doc. 5]. Thus, the allegations in the Petition, if true, constitute violations of the terms of the Defendant's pretrial release. The Defendant does not dispute the allegations contained in the Petition. Accordingly, the Court finds that the Defendant has **VIOLATED** the terms of her pretrial release.

In light of this finding, the hearing focused solely on the issue of detention. Neither the Government nor the Defendant offered witnesses at the hearing, and both parties agreed to proceed by proffer. The Government addressed the Court first and began by expressing grave concerns about the harm that may be done to the Defendant's unborn child should she remain on pretrial release and continue her drug use. The Government explained that the child was due in February, approximately a month after this matter is scheduled for sentencing. The Government stated that the Defendant has a history of drug abuse that dated to her teens and maintained that she has been given every opportunity to receive help with her addiction but has refused. The Government argued that the only way to keep the Defendant drug free and in compliance with the Court's order was to incarcerate her until sentencing. The Government stated that the presentence report currently suggested a period of confinement of 18-24 months, but if the Defendant were successful on the motions she expects to file, the range could be reduced to 10-16 months. The Government reiterated its belief that the Defendant will serve time in prison and is unlikely to be sentenced to probation alone.

Thereafter, the Defendant addressed the Court and first noted that her communication problems with the Probation Office were caused by the Defendant's changing residences. While the Defendant admitted to smoking marijuana on release, she maintained that she had never done so at her father's home, her primary residence. Further, the Defendant stated that the Defendant's father had been more fully informed of his daughter's obligations and he would not hesitate to report any violations by his daughter. However, the Defendant's father was not present at the hearing due to conflicting work obligations.

The Defendant noted that her grandmother and an aunt live on the same property as her father at other dwellings and would provide support for her complying with conditions. The Defendant also stated that her mother will provide her transportation to and from drug testing, which will enable her to comply with any drug screening requirements. The Defendant stated that at the time she missed the appointments and drug tests she was overwhelmed by the numerous conditions imposed on her by being on concurrent state probation and federal pretrial release. The Defendant explained that she recently served thirty-five (35) days in prison after violating the terms of her probation on an underlying petty theft charge in Sevier County . This was Defendant's first jail time, and she stated that it had impressed upon her the need to change her ways.

As to her pregnancy, the Defendant informed the Court that she had experienced false contractions and was advised by her physician to remain on bed rest until the birth. The Defendant noted that the fetus had a lower than average weight and that continued release would allow continuation of care with her current physician.

The Defendant concluded by stating that the conditions of her pretrial release had been relatively lenient up to this point and that with increased obligations such as home detention or electronic monitoring she could comply. The Defendant reminded the Court that she needed to make preparations for the birth of her child. Finally, the Defendant stated that she was aware of her obligation to come to Knoxville for future drug screening and she would comply with this condition.

In response, the Government clarified that the underlying charge against the Defendant in Sevier County was a petty theft, but in fact, she violated her probation on that charge by attempting to dilute a specimen submitted for drug testing. The Government contended that the Defendant's family would not be able to support her compliance with the terms of release because the Defendant had reported all of her family members, except her sister, had substance abuse problems. The Government argued that the Defendant was manipulative and reviewed occasions on which the Defendant lied about her child being ill and about irregular bleeding to avoid drug treatment.

After the parties' proffers, the Court addressed United States Probation Officer Elaine Johnson ("Officer Johnson"), who reviewed numerous attempts she made to get the Defendant into drug treatment. Officer Johnson stated that before she began supervising the Defendant on May 30, 2008, the Defendant had been enrolled in the Crossroads program but was terminated for failure to report and a positive drug test. After Johnson's supervision began, the Defendant went to the Agape program for one day but did not stay because it was an in-patient program and the rules were not compatible with her bipolar personality. In July 2008, Officer Johnson secured the Defendant a place in the Center Pointe program and gave the Defendant a date to report, but the Defendant failed to report. Thereafter, Officer Johnson contacted the Great Starts program, which instructed Officer Johnson to have the Defendant contact them to set up a time to report. The Defendant confirmed

4

to Officer Johnson that she received the paperwork for the Great Starts program, but she never filled the paperwork out or called to set an appointment. Finally, Officer Johnson said she contacted the Crossroads program again about letting the Defendant re-enter. The program agreed if the Defendant would initiate contact with them, but the Defendant failed to ever make an appointment.

Finally, the Court addressed Defendant Sutton directly. She confirmed that she entered a guilty plea to the original firearm charges in this case. The Defendant admitted that she had tested positive on the alleged drug tests and failed to report to the United States Probation Office as directed. She acknowledged that these actions constituted violations of her terms of release. The Defendant clarified that she was initially charged with petty theft in Sevier County and her probation was revoked after she attempted to dilute a urine sample. The Defendant stated that her obstetric care was being provided by Dr. Julio Guerra and Dr. Richard Love in Sevierville, Tennessee, and that her due date is currently estimated at February 13, 2008, but was previously thought to be January 28, 2008, and is likely to fall between these dates.

After hearing the parties' respective positions and the Court's inquiries of Officer Johnson and the Defendant, the Court applied 18 U.S.C. § 3148 to determine whether the Defendant should be released pending sentencing. The Court must enter an order of revocation and detention, if it:

> (1) finds that there is--
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> (A) based on the factors set forth in section 3142(g) of this title, there

5

Case 3:08-cr-00082-TAV-CCS   Document 32   Filed 12/18/08   Page 5 of 8   PageID #: 77

> is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). At step one of the analysis under § 3148(b), the Court finds both probable cause to believe that the Defendant has committed a crime and also clear and convincing evidence that the Defendant has violated the terms of her release, based upon the Defendant's admission of drug use.

Moving to the second step, the Court finds both that under § 3148(b)(2)(A) there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person and that under § 3148(b)(2)(B) the Defendant is unlikely to abide by any condition or combination of conditions of release. Looking first at the likelihood of compliance under § 3148(b)(2)(B), the Court finds that the Defendant has a long history of substance abuse and she consistently refuses treatment of this condition despite criminal charges, court orders, and a probation officer's repetitive instructions. The Defendant tests positive for illegal substances, fails to submit to drug screenings as required by the Court, and has attempted to dilute the screenings she submits to. The Court finds it unlikely that the Defendant's return to her father's house would assure compliance with the current or any additional terms of pretrial release. The Defendant has already shown that she is willing to continue her substance abuse while living at that residence, and the evidence presented at the hearing indicates that there will be no real supervision of the Defendant at the residence because her father will be working and her other relatives will be at their respective homes. The Defendant's unwillingness to seek treatment will almost certainly

6

lead to continued violations of the conditions of release, regardless of the combination of conditions imposed.

In regards to the Defendant's dangerousness to any other person and the community, the Defendant has shown no interest in changing her history either for herself, her family, or the health of her unborn child. She continues to be willing to spend her money on drugs and associate with drug dealers and steadfastly refuses to participate in drug treatment program, despite the danger these positions pose to both her health and her unborn child's health. The evidence before the Court indicates that the Defendant's only goal in seeking pretrial release is to remain out of prison and obtain more drugs. Looking to the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the weight of the evidence against the Defendant including her admission of guilt, the Defendant's history and circumstances including her history of substance abuse and drug use while residing with her father, and the nature and the seriousness of the danger posed to the community and her unborn child by her continued drug use, all support a finding that the Defendant will continue to pose a danger to another person and the community despite any conditions this Court might impose upon her.

Accordingly, the Order Setting Conditions of Release **[Doc. 5]** is hereby **REVOKED**, and the Defendant is remanded to the custody of the United States Marshal Service pending her sentencing on **January 14, 2009, at 1:30 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

Further, the Court notes that the United States Marshal Service has been instructed to assure that the Defendant receives all reasonable and necessary medical treatment including any stress tests or bed rest that may be needed. Continuity of care shall be facilitated, to the degree possible, by

7

contacting the offices of Dr. Julio Guerra and Dr. Richard Love in Sevierville, Tennessee, and acquiring pertinent treatment notes and medical records and by securing an obstetrician to continue the Defendant's prenatal care. In light of the Defendant's due date being, at most, two months away and at almost the same time as the Defendant's sentencing, the Court recommended to both parties that they attempt to move the Defendant's sentencing to an earlier date if the District Court's calendar could accommodate such a move.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge