UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:08-CR-82 |
| V. | ) (VARLAN/SHIRLEY) |
| | ) |
| COURTNEY NICHOLE SUTTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and order of the District Court [Doc. 28]. The parties came before the Court on April 7, 2010, for a status conference relating to Defendant's Conditions of Release pending Defendant's scheduled revocation hearing on Monday, April 12, 2010 before the Honorable Thomas A. Varlan, United States District Judge. Attorney Paula Voss was present representing the Defendant. The Defendant was not present. Assistant United States Attorney Tracy L. Stone was present representing the Government. United States Probation Officer Elaine Johnson was also present at the status conference.

The Court held this status conference in relation to a previous Detention Hearing held on March 29, 2010. At the prior Detention Hearing, Defendant was released on an Order Setting Conditions of Release. As part of the Order Setting Conditions of Release, Defendant was required to enter a detox program at Center Pointe Recovery Center until Saturday, April 3, 2010, and unless she could be admitted to a treatment program, she would return to custody. Prior to the Defendant's release, the parties appeared before the Court on Thursday, April 1, 2010, for a status conference. At the April 1 status conference, the Defendant's detox program was extended by her counselor at

Center Pointe to last through Thursday, April 8, 2010 at 2:00 p.m. This status conference was scheduled in anticipation of this April 8 release date.

The Court had previously applied 18 U.S.C. § 3143 to determine whether the Defendant should be released pending the April 12 revocation hearing before the Honorable Thomas A. Varlan, United States District Judge. This was because Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure requires the application of that section and places the burden on the Defendant.

The Court finds the Defendant is a risk of non-appearance and a risk of danger if released without treatment, and that the Defendant has not carried her burden of proof under 18 U.S.C. § 3143. Despite their attempts to find Defendant a place for treatment following detox, the efforts of Defendant, Defendant's Attorney, and Probation Officer Johnson have all been unavailing. Without such placement Defendant is unable to establish that she would not pose a danger to the safety of the community. The Court concludes that the weight of the evidence against the Defendant including her prolonged history of substance abuse and drug use, and the nature and the seriousness of the danger posed to the community by the likelihood of and her predilection to reverting to drug use, all support a finding that the Defendant will continue to pose a danger to the community despite any conditions this Court might impose upon her. Therefore, the Defendant will remain in custody.

Accordingly, it is hereby **ORDERED** that upon her release from the Center Pointe Recovery Center on Thursday, April 8, 2010 at 2:00 p.m., that Defendant immediately be taken, by her father if at all possible, directly to the Knox County Detention Facility on Maloneyville Road and present herself to the custody of the United States Marshal Service pending her revocation hearing.

Thereafter, she is to be brought back to Court for her revocation hearing before the Honorable Thomas A. Varlan, United States District Judge, on **April 12, 2010, at 10:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge